IN THE CIRCUIT COURT OF TENNESSEE
AT CUMBERLAND COUNTY

| | |
|---|---|
| MICHAEL GANN, | ) |
| | ) |
| | ) |
| Plaintiff, | ) No. CCl-23-CU-6981 |
| | ) |
| vs. | ) |
| | ) JURY DEMANDED |
| CUMBERLAND COUNTY, TENNESSEE, | ) |
| GOVERNMENT, SHERIFF CASEY COX, | ) DATE FILED __05__|__12__ 20 __23__ |
| And TRACY HAMBY | ) OmA |
| | ) 2:52 Pm |
| | ) *Jessica Burgess* |
| Defendants. | ) Circuit Court Clerk |

---

**COMPLAINT**

---

COMES the Plaintiff, by and through the undersigned counsel, and brings the following

cause of action against the Defendants:

I.

All the named parties are sufficiently connected to Cumberland County such that

jurisdiction and venue may be properly stated to exist in the Circuit Court of Tennessee at

Cumberland County.

II.

More particularly, the Plaintiff was a pretrial detainee at the Cumberland County Justice

Center on or about February 19, 2020. The Plaintiff had been arrested earlier in the week for a

probation violation. It was on that date that the Plaintiff received some serious and lasting

injuries as a result of assault by a fellow inmate by the name of Tracy Hamby.

III.

Tracy Hamby was a relatively young prisoner whose dangerous propensities for violence had long been known by and to those who operated the Justice Center; yet, on February 19, 2020, there were no routine checks by any of the prison guards, jailers, or corrections officer during the four and a half (4 ½) hours preceding this assault. The Plaintiff, at the age of sixty-one (61), was in the presence of severe danger, and this danger was known to authorities.

IV.

On February 19, 2020, the unrestrained and unsupervised inmate, Tracy Hamby, struck the Plaintiff in the head twice. After delivering the two (2) stunning blows, Hamby followed up with three (3) raucous head-butts, because of which the visual acuity of the Plaintiff's left eye diminished greatly and permanently.

V.

Despite the mess that Hamby made of the Plaintiff's eye and face, the Cumberland County jailers failed to transport the victim to the hospital. Instead, they took him to a jail nurse who they knew was unqualified to evaluate and treat significant eye injuries. Flustered at the Plaintiff's insistence that they take him to get his "eye fixed", the jailers whisked him away, not to an Emergency Room, but to solitary confinement; a punitive measure against an older prisoner who had neither the means nor motive to attack or injure other inmates. The nurse, it is reported, did shine a light into the Plaintiff's face.

VI.

As the Plaintiff languished in solitary confinement, the condition of his left eye worsened. As critical days passed without treatment, the window of opportunity to render an effective cure closed. The refusal to promptly treat a serious injury was deliberate on the part of

the County and the jailers, who were constantly trained by supervisors to be cost conscious and to keep medical treatment as sparse and economical as possible.

## VII.

During his approximately one hundred (100) days of confinement, the Plaintiff became weak and undernourished because the quality and the quantity of the food served the inmates was constitutionally inadequate. Sheriff Casey Cox, who sets the tone and the policy as Cumberland County's top elected law enforcement officer, has openly bragged on how he can feed any prisoner "on a dollar a day".

## VIII.

Sheriff Cox has encouraged the County Commission to make the care of prisoners a lesser budgetary priority, openly defying the accepted legal adage that prisoners must be fed rations adequate to maintain their health; instead, he has sought funds for larger vehicles, travel, and other items that have nothing to do with effective law enforcement.

## IX.

During his stay in the Cumberland County Justice Center, the Plaintiff rarely received the drugs and pharmaceuticals he needed. Usually, the ones administered were less effective than the ones the doctor actually prescribed. This inadequacy was deliberate and part of a considered and consistent pattern, one etched in the notion that cost savings take precedent over the provision of constitutionally adequate healthcare. The simple fact is that the nurses and jailers, under the auspices of the County, were fully aware of the Plaintiff's pharmaceutical needs and just as determined not to provide for them.

## X.

WHEREFORE, premises considered, the Plaintiff prays for damages in the amount of $750,000.00 under both 42 U.S.C 1983 and the Tennessee Governmental Tort Liability Act, found at T.C.A § 29-20-101, et seq. Plaintiff alleges that the County and its employees are State actors who violated the Fourth, Eight, an Fourteenth Amendments by deliberately failing to treat his medical needs of whose seriousness they were well aware from the outset of his confinement. This indifference was manifested in their deliberately tardy and ineffective treatment of a serious eye injury, their paucity of healthful food on the prison menu, and a deliberate failure to provide the Plaintiff with what they knew was medically required from the pharmacy.

## XI.

IN THE ALTERNATIVE, the Plaintiff prays for relief under the Tennessee Governmental Tort Liability Act in the amount of $350,000.00, should the proof in this case fall short of establishing the Defendants' deliberate indifference to his serious medical needs but adequately prove that the Defendants failed to exercise the standard of care that a prison institution should provide the incarcerated, who by definition, are not free to choose their food or seek medical treatment on their own.

## XII.

The County of Cumberland was the moving force behind the aforementioned constitutional violations, as its policies and practices and customs and accepted habits inspired and precipitated all the constitutional wrongs rendered against the person of the Plaintiff, Michael Gann.

Respectfully Submitted,

By:   /s/ John Wolfe, Jr.
       John M. Wolfe, Jr. | BPR # 010319
       6232 Vance Road
       Chattanooga, TN 37421
       Phone: (423) 619-2883
       Jmwjrlawoffice@gmail.com
       *Attorney for Plaintiff*